UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOUNDEVER OPERATING
CORPORATION,

    Plaintiff,

v.                                                        Case No: 8:23-cv-1495-CEH-UAM

HILARY HAHN,

    Defendant.
_____

## **ORDER**

This matter comes before the Court on Plaintiff Foundever Operating Corporation's ("Foundever") Motion to File Documents Under Seal (Doc. 44). In the motion, Foundever seeks to file unredacted versions of two exhibits (Docs. 14-1, 14-2) to its Motion for Preliminary Injunction (Doc. 14) under seal. Defendant Hilary Hahn does not oppose the motion. Doc. 45.

In this misappropriation of trade secrets and breach of contract action, Foundever alleges that Hahn, its former employee, improperly copied and retained confidential and trade secret documents before leaving the company to work for a direct competitor. Foundever has filed a motion for preliminary injunction that is pending before the Court. Doc. 14. In support of its motion, Foundever filed two exhibits that contained redacted names of current and prospective customers from the list of file names of electronic documents Hahn allegedly retained. Doc. 14-1 at, *e.g.*,

8; Doc. 14-2 at 5-7. Foundever now seeks to file unredacted versions of the exhibits under seal. Doc. 44.

Upon review and consideration, the Court finds the motion is due to be granted.

## DISCUSSION

A motion to seal pursuant to Local Rule 1.11(c):

> (1) must include in the title "Motion for Leave to File Under Seal";
> (2) must describe the item proposed for sealing;
> (3) must state the reason:
>    (A) filing the item is necessary,
>    (B) sealing the item is necessary, and
>    (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
> (4) must propose a duration of the seal;
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (6) must include a legal memorandum supporting the seal; but
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c), Middle District of Florida. The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234,

1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2.

Here, Foundever has satisfied the procedural requirements of Local Rule 1.11(c).  Foundever has also established that public disclosure of the unredacted exhibits will cause a clearly defined and serious injury that overcomes the common law right of access.  Foundever asserts that the unredacted file names would reveal the names of its current and prospective customers, which is competitively sensitive, confidential, and trade secret. Doc. 44 at 3-4.  Although "conclusory statements…do not establish good cause," *Romero*, 480 F.3d at 1247 (quotation omitted), Foundever has also submitted a wealth of evidence in connection with its motion for preliminary injunction, which supports its contention that the unredacted file names are

3

confidential and that it risks harm if they should be disclosed to the public. *See* Docs. 14, 31.  Under the circumstances of this case, the Court finds that good cause supports the sealing of the unredacted exhibits from the public record to protect the identity of Foundever's current and prospective customers. *See, e.g., Declan Flight, Inc. v. Textron Eaviation, Inc.*, No. 5:23-cv-301, 2023 WL 4847575 (M.D. Fla. July 28, 2023) (granting motion to seal letter containing customer identities and other information); *ADT LLC v. Vivint Smart Home, Inc.*, No. 20-cv-23391, 2022 WL 17736186 (S.D. Fla. Dec. 16, 2022) (allowing party to redact documents containing customer names, addresses, and account details); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236, 2022 WL 17452314 (M.D. Fla. Dec. 6, 2022) (permitting sealing of motion containing customer names and other business information); *Lanard Toys Ltd. v. Dolgencorp LLC*, No. 3:15-cv-849, 2017 WL 1438494 (M.D. Fla. April 24, 2017) (denying defendant's motion to disclose plaintiff's customer list to its employees based on a finding that the list constituted sensitive confidential information).

In addition, the Court observes that Foundever has redacted very little information from the exhibits on the public docket, thereby allowing public access to all but the limited information it asserts is the most sensitive and confidential: the customer names themselves.  This factor also supports a finding of good cause. *See Local Access*, 2022 WL 17452314 at *1 (noting that defendant redacted "very little information" from its motion on the public docket as a factor supporting good cause); *cf. ADT LLC*, 2022 WL 17736186 at *1-2 (directing party to file redacted versions of the exhibits filed under seal in which only the confidential portions were redacted,

because "*entire* documents should not be hidden from the public merely because a small portion is worthy of under-seal treatment") (emphasis in original). Foundever's motion is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiff Foundever Operating Corporation's Motion to File Documents Under Seal (Doc. 44) is **GRANTED**.

2. Within SEVEN (7) DAYS of this Order, Plaintiff shall file **under seal**, and the Clerk shall accept, an unredacted copy of Docket Numbers 14-1 and 14-2.

3. The duration of the seal shall be for 60 days from the conclusion of this action or until further order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties